IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM STUART STAPP and ELIZABETH STAPP<br><br>Plaintiffs,<br><br>VS.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., FEDERAL NATIONAL MORTGAGE ASSOCIATION, and BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.<br><br>Defendants. | § § § § § § § § § § § § § § | Case No. 4:11CV203 |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants Bank of America, N.A., ("Bank of America" or "BOA"), BAC Home Loans Servicing, LP ("BAC") and Federal National Mortgage Association ("Fannie Mae")'s Motion to Dismiss (Dkt. 26). As set forth fully below, the Court finds that the motion should be GRANTED in part and DENIED in part.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves the foreclosure on Plaintiffs' home located at 2434 Sedalia Court, Frisco, Texas ("the Property"). Plaintiffs purchased the Property in December 2002 and in connection with the purchase executed a Note and Deed of Trust. According to Plaintiffs, after falling behind in their house payments sometime in 2008, they engaged in negotiations with Bank of America to modify

1

their loan agreement. Plaintiffs allege that they negotiated such modification from April 2009 until approximately February 2011 and were told by BOA representatives that no action would be taken on their loan during the loan negotiation process and to disregard any foreclosure notices.[1] Plaintiffs allege that, despite these representations, their home was sold at a foreclosure sale to Fannie Mae on February 1, 2011.

Plaintiffs originally filed suit against Defendants in state court in March 2011, and Defendants subsequently removed. After removal, Plaintiffs filed their Second Amended Original Complaint in this matter on February 1, 2012. It asserts the following causes of action against Defendants Bank of America, BAC Home Loans Servicing, Fannie Mae, and Barrett Daffin Frappier Turner and Engel, L.P.[2] Plaintiffs' complaint asserts the following claims: (1) breach of contract and anticipatory breach of contract; (2) breach of common law tort of unreasonable collection efforts; (3) violation of Texas Consumer Credit Code/Debt Collection Practices Act; (4) negligent misrepresentation; (5) tortious interference with a contract; and (6) suit to quiet title and trespass to try title. Dkt. 25. Plaintiffs also seek a declaratory judgment, exemplary damages, (alleging that Defendants acted with malice), and an accounting of all transactions on their mortgage loan. *Id.*

On February 3, 2012, Defendants Bank of America, BAC Home Loans Servicing and Fannie Mae filed a motion to dismiss all of Plaintiffs' claims for failure to state a claim. Plaintiffs have filed a response in opposition.

---

[1]Defendant BAC was the servicer of the note.

[2]Since the filing of their complaint, Plaintiffs have agreed to dismiss their claims against Barrett Daffin. *See* Dkt. 47.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

ANALYSIS

*Plaintiffs' Breach of Contract Claims*

Plaintiffs' first cause of action is for breach of contract, wherein Plaintiffs base their claim on several theories. Defendants argue that Plaintiffs' breach of contract and anticipatory breach of contract are not viable claims. The Court agrees in part but finds that Plaintiffs have stated a claim as to breach of the mortgage documents.

First, Plaintiffs allege that Defendants breached the Deed of Trust, violating Texas Property Code § 51.002, by not giving Plaintiffs the right to cure and reinstate their Note and selling the Property at a foreclosure sale nonetheless. Dkt. 25 at ¶27. The Court finds that allegations regarding failures to comply with certain statutory procedural obligations embodied in a Deed of Trust are sufficient to state a breach of contract claim. Whether Plaintiffs were given adequate notice and an opportunity to cure and whether Plaintiffs defaulted on their obligation to pay – as Defendants argue in their motion – are not matters to be determined in the Court's consideration of a motion to dismiss but are reserved for summary judgment or trial.

As to any breach of contract claims based on the alleged modification agreement, however, the Court finds that Plaintiffs cannot state a breach of contract claim for those. Any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan

4

agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, in order for Plaintiffs to assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing. Because the alleged loan modification here was oral, it was unenforceable until reduced to writing. The Court finds that Plaintiffs have failed to allege breach of any modification agreement.

The Court also finds that Plaintiffs cannot base a breach of contract action on a theory that Defendants breached the Deed of Trust by accelerating and foreclosing on the Property after purportedly waiving its right to do so. The Deed of Trust expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy … shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 26-2 at § 12.[3] The Court finds that, given the express language of the Deed of Trust, Plaintiffs cannot base a breach of contract action on this theory.

---

[3]A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Because the Deed of Trust and Note – attached to the motion to dismiss – are referred to in Plaintiffs' complaint and central to their claims, the Court has considered them here.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004). Plaintiffs have not sufficiently stated these elements and specifically have not stated what obligations Defendants repudiated as to the underlying mortgage documents. Plaintiffs have also not alleged sufficient facts in the claim that Defendants "prevented Plaintiffs from performing the contract." Dkt. 25 at ¶ 30. Therefore, any claims for breach of anticipatory contract should be dismissed.

### *Breach of Duty of Good Faith and Fair Dealing*

As part of their breach of contract claim, Plaintiffs also allege that Defendants breached their duty of good faith and fair dealing by accelerating the Note. The Court finds that this claim should be dismissed because there is no duty of good faith and fair dealing in the lender/borrower relationship.

"Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.– San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal

quotations omitted). Here, Plaintiffs have not alleged what facts would constitute a "special relationship" with Defendants, nor have Plaintiffs pointed to any authority to show that there is a duty of good faith and fair dealing in the mortgage context. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010). Therefore, as to this claim, Defendants' motion should be GRANTED and any breach of contract claims based on an implied duty of good faith and fair dealing should be dismissed.

Finally, the Court notes that, to the extent Plaintiffs seek to allege it, no breach of contract claim has been stated against Defendant Fannie Mae because no agreement between Plaintiffs and Fannie Mae has been stated. Thus, the motion to dismiss should be GRANTED as to any such claims.

### *Breach of Common Law Tort of Unreasonable Collection Efforts*

Next, the Court turns to Plaintiffs' claims of the breach of common law tort of unreasonable collection efforts. As one court has noted, "[u]nreasonable collection efforts is a Texas common-law intentional tort that lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. 2009). Nonetheless, in Texas, pleadings sufficient to support a claim for unreasonable collection efforts must contain facts that amount to "a course of harassment" by the defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See, e.g., Coleman v. Bank of America, N.A.*, 2011 WL 2516169, *2 (N.D. Tex. 2011). The reasonableness of conduct is judged on a case-by-case basis. *B.F. Jackson, Inc. v. CoStar Realty Information, Inc.*, 2009 WL 1812922, *5 (S.D. Tex. 2009) (*citing Woodrum*

*v. Bradley*, 1990 WL 151264, at *4 (Tex. App. – Houston [14th Dist.] 1990, writ denied). Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Here, Plaintiffs allege that Defendants "assessed late charges and penalties, improperly placed the property in foreclosure, and imposed numerous additional charges upon Plaintiffs' mortgage loan account" and have "slandered Plaintiffs' credit reputation, defamed his [sic] credit and exposed him to ridicule in the community, thereby causing him [sic] further economic damages," mental anguish and suffering, emotional distress and loss of income. Dkt. 25 at ¶ 34. Having reviewed the complaint, the Court finds that Plaintiffs have not alleged a course of harassment by Defendants or alleged facts that would show that Defendants acted willfully, wantonly, maliciously, or acted with the intent to inflict harm upon Plaintiffs. The Court agrees with Defendants that the complaint does not allege a course of any collection activities that could be deemed harassing. Moreover, Plaintiffs do not sufficiently allege how any of Defendants' alleged activities were intended to cause them mental anguish and bodily harm. *Myers v. Bank of America, N.A.*, 2012 WL 1107687, 4 (E.D. Tex. 2012) (Schell, J.) ("These allegations do not meet the plausibility standard announced by the United States Supreme Court in *Twombly* and *Iqbal* in that there is no allegation that the Defendant's collection efforts were intended to inflict bodily harm."). Although Plaintiffs have alleged that the issues relating to their home aggravated Mrs. Stapp's Crohn's disease, no facts are alleged that such was an intended result of Defendants' conduct. Therefore, the motion to dismiss Plaintiffs' claim of the breach of common law tort of unreasonable collection efforts should be GRANTED and that claim should be dismissed.

*Neligent Misrepresentation and Economic Loss Doctrine*

The Court next turns to Defendants' argument that Plaintiffs' negligent misrepresentation claim is barred by the economic loss doctrine. The economic loss doctrine has been applied consistently to bar claims for negligence and other tort claims when the parties' relationship and its attendant duties arise from a contract. *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir.2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."). Thus, "if the defendant's conduct ... would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claims may also sound in tort." *Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494. If, however, "the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.* In order to recover for a claim of negligent misrepresentation, a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Here, Plaintiffs seek "actual damages, out-of-pocket damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, mental anguish, emotional distress, anxiety, depression,

9

humiliation, and the value of time lost trying to remedy the problem." Dkt. 25 at § XI, 20-21. Thus, it appears to the Court that Plaintiffs seek damages in excess of the value of the contract and their negligent misrepresentation claims shall remain at this time. If Plaintiffs fail to offer any evidence of damages outside of the contract during summary judgment or trial, their negligent misrepresentation claims will be dismissed. *See, e.g., Deuley v. Chase Home Finance LLC,* 2006 WL 1155230, 3 (S.D. Tex. 2006) ("Therefore, because the Deuleys allege they suffered some type of damages, the Court denies Chase's motion to dismiss at this stage of the proceedings and instead grants its motion for a more definite statement so that the type of damages the Deuleys seek may be determined."). However, construing the factual allegations in a light most favorable to Plaintiffs, the economic loss rule should not bar their claims at this juncture.

Moreover, the Court finds that Plaintiffs have stated facts sufficient to support the underlying claim as to Defendant Bank of America. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted).

In the portion of their complaint titled negligent misrepresentation, Plaintiffs claim that Defendants represented that Plaintiffs were qualified for a loan modification, that they would not

foreclose while Plaintiffs were in the loan modification process, that Plaintiffs should ignore the foreclosure letters, and that the foreclosure sale was canceled. Dkt. 25 at ¶ 48-49. Plaintiffs further allege that they relied on these representations to their detriment. *Id.* In the factual background portion of their complaint, Plaintiffs specifically make the following allegations as to Bank of America:

- In April 2009, "BOA told Plaintiffs that it would not take any action on Plaintiffs' mortgage during the loan modification process and that Plaintiffs were not to make any payments while their loan modification was under review." Dkt. 25 at ¶ 13.

- In April 2009, "BOA told Plaintiffs not to worry, the loan modification process takes a long time because of the volume of modification requests, and that BOA does not foreclose while the loan modification is under review." Dkt. 25 at ¶ 13.

- In early 2010, a "BOA employee further told Plaintiffs that once payment was received, their mortgage account would be considered current." Dkt. 25 at ¶ 14.

- In March 2010, "BOA told Plaintiffs not to take any further action on their mortgage account while their mortgage was being considered under the MHA program." Dkt. 25 at ¶ 15.

- In April 2010, "BOA again told Plaintiffs not to worry and not to make any payments because their MHA application was under review." Dkt. 25 at ¶ 16.

- In July and August 2010, "[e]very time Plaintiffs called, the BOA representatives told Plaintiffs that their loan modification was under review and assured Plaintiffs that BOA had stopped all foreclosures in the State of Texas." Dkt. 25 at ¶ 18

- Plaintiffs spoke to Bobby McCampbell with the Managing Director's office for BOA in Richardson, Texas who "reported that the 2009 tax return was in Plaintiffs' file and that he would submit a request to cancel any scheduled foreclosure sale." Dkt. 25 at ¶ 22.

The Court thus finds that the facts stated in Plaintiffs' complaint are sufficient to state a claim for negligent misrepresentation as to Bank of America and will not be barred by the economic loss doctrine at this time.

As to Defendants Fannie Mae and BAC, however, the Court agrees with Defendants that Plaintiffs' allegations do not state a claim of negligent misrepresentation. Plaintiffs' complaint contains no facts identifying any misrepresentations made by Fannie Mae or how Plaintiffs relied on them, and that claim should be dismissed as to Fannie Mae.

The only allegation within Plaintiffs' complaint as to representations made by BAC is that "BOA and BAC told Plaintiffs that they do not foreclose while a loan modification was under review." Dkt. 25 at ¶27. This assertion alone is not sufficient to state with particularity a claim of negligent misrepresentation as to BAC because it does not identify what statement was made specifically by BAC or when it was made to Plaintiffs. *See, e.g., Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Therefore, the Court finds that the motion to dismiss Plaintiffs' negligent misrepresentation claim should be GRANTED as to Defendants Fannie Mae and BAC and DENIED as to Defendant Bank of America.

### *Texas Debt Collection Practices Act*

Next Defendants seek dismissal of Plaintiffs' claims under the Texas Debt Collection Practices Act. In their amended complaint, Plaintiffs allege that Defendants violated §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), and 392.304(a)(19) of the Texas Finance Code.

Section 392.301(a)(8) prohibits threatening to take an action prohibited by law. Plaintiffs have not sufficiently alleged any facts that would show any threats of actions prohibited by law. Therefore, the Court agrees those claims should be dismissed.

Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from collecting or attempting to collect interest or charges not authorized by the Note, Deed of Trust or applicable law. The Court finds that Plaintiffs' claims under Section 392.303(a)(2) should be dismissed because, although Plaintiffs have alleged they are not liable for the charges imposed as a result of Defendants' actions, no facts are alleged in the complaint that would show that the charges were not authorized by the mortgage documents.

Section 392.302(4) prohibits a debt collector from oppressing, harassing, or abusing a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." TEX. FIN. CODE § 392.302(4). As the Court has already discussed in its findings regarding Plaintiffs' claims of unreasonable collection efforts, Plaintiffs have failed to state any facts that would indicate that Defendants' alleged conduct was harassing or abusive in any way. Moreover, there are no facts alleged that would indicate Defendants made repeated or continuous phone calls intended to harass Plaintiffs. Therefore, the claim under Section 392.302(4) should be dismissed.

Finally, Section 392.304(a)(8) of the Texas Finance Code prohibits misrepresenting the character, extent or amount of consumer debt and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. Here, Plaintiffs allege that Defendants informed Plaintiffs that the loan was being modified and foreclosure was being postponed while Defendants ultimately proceeded with foreclosure on the Property. The Court finds that Plaintiffs have pled sufficient facts to survive dismissal of their TDCA violation claim as to Sections 392.304(a)(8) and (a)(19). *See Iqbal*, 129 S. Ct. at 1950.

Accordingly, the court GRANTS the motion to dismiss Plaintiffs' TDCA claim under Sections 392.301(a)(8), 392.302(4) and 392.303(a)(2) and DENIES Defendants' motion to dismiss Plaintiffs' TDCA claims under Sections 392.304(a)(8) and (a)(19).

*Suit to Quiet Title and Trespass to Try Title*

Next, Defendants move to dismiss Plaintiffs' suit to quiet title and trespass to try title claim. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Here, Plaintiffs have alleged that they have title superior to Fannie Mae because the trustee's sale was void because Defendants did not comply with the Texas Property Code. The Court finds that Plaintiffs have stated facts that may support their claims for suit to quiet title and trespass to try title. Therefore, the motion to dismiss those claims should DENIED.

*Tortious Interference with Contract*

Defendants also seek dismissal of Plaintiffs' claim for tortious interference with contract. In Plaintiffs' complaint, they allege that BAC – the servicer of the Note for Bank of America – and Barrett Daffin – the entity who noticed and conducted the foreclosure sale – intentionally interfered with their contract with Bank of America. Based on Plaintiffs' own allegations, both BAC and Barrett Daffin were acting as agents of Bank of America (with BAC as "servicer of the Note for BOA," Dkt. 25 at ¶54, and Barrett hired by BOA to foreclose on the property, Dkt. 25 at ¶54 and Dkt. 30 at ¶H) and therefore acting in Bank of America's interests. When asserting a claim of

tortious interference in Texas based on a corporate agent's actions, "a plaintiff must show that the agent acted solely in his own interests." *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998). No such facts are alleged here. Moreover, the Court also notes that since the filing of the motion to dismiss, Plaintiffs have agreed to dismiss all claims against Barrett Daffin (*see* Dkt. 47). Therefore, to the extent not already made moot by the parties' agreement, the motion to dismiss should be GRANTED as to Plaintiffs' claim of tortious interference with contract.

### *Malice, Accounting and Declaratory Judgment*

Defendants argue that Plaintiffs' claim for "malice" should be dismissed because it is not an independent cause of action. Defendants similarly argue that Plaintiffs cannot assert their request for an account and declaratory judgment as independent claims. Plaintiffs respond that they do not assert malice, declaratory judgment or accounting as independent causes of action. Dkt. 30 at §§ G & I. Based on Plaintiffs assertion that malice is pled only as a means of recovering exemplary damages, the motion to dismiss the purported claim of malice should be DENIED as MOOT and, because the Court has found that Plaintiffs have adequately stated claims outside of their breach of contract claims, the Court will not order that any such allegations be removed from the complaint at this time. Similarly, because the Court finds that justiciable issues remain, the motion to dismiss the request for accounting and declaratory judgment should be DENIED.

## RECOMMENDATION

Therefore, the Court recommends that Defendants Bank of America, N.A., ("Bank of America"), BAC Home Loans Servicing, LP ("BAC") and Federal National Mortgage Association ("Fannie Mae")'s Motion to Dismiss (Dkt. 26) be GRANTED as to Plaintiffs' claim of breach of contract based on breach of oral loan modification, waiver, anticipatory breach, breach of duty of good faith and fair dealing, and any breach of contract claim against Fannie Mae, Plaintiffs' claim of breach of common law tort of unreasonable collection efforts; Plaintiffs' negligent misrepresentation claim against Fannie Mae and BAC, Plaintiffs' TDCA claim under Sections 392.301(a)(8), 392.302(4) and 392.303(a)(2), and Plaintiffs' claim of tortious interference with a contract, DENIED as to Plaintiffs' breach of contract claim based on a breach of the mortgage documents that they were not given adequate notice and an opportunity to cure, Plaintiffs' negligent misrepresentation claim against Bank of America, Plaintiffs' TDCA claims under Sections 392.304(a)(8) and (a)(19), Plaintiffs' suit to quiet title and trespass to try title, and Plaintiffs' request for declaratory judgment and accounting and DENIED as MOOT as to Plaintiffs' allegations of malice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or

adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 5th day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE